### SANDERS vs. HARDING'S HEIRS.

The nett proceeds of an estate, are the amount of the inventory, after deducting the debts of insolvent debtors, articles which prove of no value, and its passive debts.

APPEAL from the court of the fifth district.

MARTIN, J. delivered the opinion of the court. The plaintiff was, on the 29th of Dec. 1820, appointed curator of the vacant estate of the defendant's ancestors, and surrendered it to them on the 31st of December 1821. He did not render his accounts then; but did so a few months afterwards.

The amount of the inventory, on his assum-

ing the curatorship, was $78,894 75 cents. He employed and paid an overseer on account of the estate, and frequently visited the plantation. He made sale of no part of the estate, except the crops, and thus received $4473 35 cents. The estate having been surrendered in kind, the plaintiff claimed his commission on the amount of the inventory.

The defendants urged that the plaintiff had not furnished his accounts within the year of his curatorship, and if entitled to any commission, was not so on the whole amount of the inventory.

The court of probates allowed the commission on $4,473 35 cents, the amount received by the plaintiff in money, and refused it as to the property received, kept, and surrendered in kind. This judgment was reversed by the district court, who allowed the commission on the nett proceeds, or liquidated product or amount of the estate. The defendants appealed.

Curators of vacant estates are bound to render their accounts at the expiration of the time which the law grants to them to

West'n Dis'ct
*August*, 1826.

SANDERS
*vs.*
HARDING'S
HEIRS.

settle the estate confided to them; and as this period is one year, it follows they are not bound to render their account within the year. In the present case, it appears that the account was rendered a few months afterwards. Even if, in some cases, the neglect to render a timely account occasions the forfeiture of the commission of the curator, we do not think that the plaintiff has lost his right thereto. He appears to have surrendered the estate when called on, and rendered his account a few months after the expiration of his curatorship.

The commissions of curators, from 1809 to 1817, were regulated by the old *Civil Code*, 180, *art*. 141, and fixed at two and one half per cent. on the amount of the inventory, comprising the property of the estate they administer on, with a deduction of the debts due by insolvent debtors, and such articles as proved of no value.

In 1817, by the act relative to courts of probates, &c. p. 186, § 2, the commission was restrained to the "nett proceeds" of the estate—*sur le produit liquide.*

It is contended by the defendants' counsel, that the expression "nett proceeds," is

to be confined to what is reduced into cash : that land, negroes, goods unsold, debts, even of solvent debtors, not collected because not payable, &c. form no part of the aggregate amount of an estate, on which a commission to the curator is due.

SANDERS
vs
HARDING'S
HEIRS.

We think with the district judge, that the nett proceeds of an estate, is the amount of the inventory, after the deduction of debts due by insolvent debtors, articles which prove of no value, the passive debts of the estate, and costs.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed with costs.

*Fennessy* & *Lesassier* for the plaintiff, *Brownson* for the defendants.